IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRIAN BRITURE PRUDE, #720851 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv1 |
| ALICIA BRICE, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER ON PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Plaintiff Brian Briture Prude, a prisoner confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The present Order concerns Plaintiff's motion for a temporary restraining order (docket entry #30), which is construed as a motion for a temporary restraining order and/or preliminary injunction. Plaintiff contends he is in danger of his life from Officer Alicia Brice and prisoner Dennis Jackson and "the prison officials of [the] Texas Department of Criminal Justice" and "all the Texas prisoners" and therefore requests a "protection order" taking him out of Texas state custody and placing him in federal custody. Mot. at 1.

**Standard for Injunctive Relief**

The Plaintiff's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the

1

merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983).

Here, Plaintiff has pleaded almost no facts at all. He simply alleges that he "is in fear of his life" from "all the Texas prisoners" as well as from Defendant Officer Brice and prison officials in general. Mot. at 1. Further, he has made no arguments in support of any of the factors required for injunctive relief: he does not show a likelihood of prevailing; although he alleges he is "in fear of his life," he makes no arguments supporting a finding that he is or will be injured in fact without the injunction; he does not argue the relative harm between himself and the Defendant or the prison system; and he does not address the public interest at all. *Libertarian Party of Texas*, 741 F.2d at

729. He merely states what order he wants the Court to issue, namely, that he be moved from state custody to federal custody. The Plaintiff has failed to clearly carry the burden of persuasion on any of the four prerequisites required to establish the need for a temporary restraining order or preliminary injunction.

Accordingly, it is therefore

**ORDERED** that Plaintiff's motion for a temporary restraining order/preliminary injunction (docket entry #30) be **DENIED**.

So **ORDERED** and **SIGNED** this **26** day of **July, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE