IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BRIAN BRITURE PRUDE, #720851 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv1 |
| ALICIA BRICE, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Brian Briture Prude, a prisoner confined at the Eastham Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

On July 22, 2010, Plaintiff filed a motion for summary judgment (docket entry #28). In this motion, he essentially re-states the same allegations and arguments advanced in his complaint. He states that "The Plaintiff witnesses affidavits to the court claime relief and so move for summary judgement." Motion at 2 (spelling and grammar in original). By this statement, he appears to claim that witness statements support his motion. However, he has filed no affidavits or any other evidence in support of his motion. He did file a set of witness lists on July 15 in a "notice of disclosure" (docket entry #27), and has alleged therein what testimony he expects of each witness, but has filed nothing else related to this motion.

**Legal Standards for Summary Judgment**

On motions for summary judgment, the Court must examine the evidence and inferences

drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Securities and Exchange Commission v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994); *General Electric Capital Corp. v. Southeastern Health Care, Inc.*, 950 F.2d 944, 948 (5th Cir. 1992); Fed. R. Civ. P. 56(c).

The Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the Court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). The Court noted that "[i]t is not the function of the trial judge, in ruling on a motion for summary judgment, to weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In this case, Plaintiff's motion for summary judgment consists of six pages of unsupported contentions, simply asking that the Court believe his version of events and grant summary judgment on that basis. He spends two pages specifying the type and amount of damages he seeks, under the widest possible variety of damages theories. He also asks that Defendant Officer Brice and the two inmates he formerly named as Defendants[1] be prosecuted for conspiracy and using a prison mental health department as a "cover-up for criminal activity." Mot. at 2. Further, he seeks to be moved from state custody to federal custody.

Plaintiff has filed no evidence of any kind, whether affidavits, depositions, admissions, or

---

[1] The Court has dismissed both inmates Dennis Jackson and Rodney Rodgers from this action in its order of partial dismissal issued on May 24, 2010 (docket entry #21).

any other type of evidence to show that there is no genuine issue of material fact or that he is entitled to judgment as a matter of law. He has likewise failed to cite anything in the record to support the bare allegations of his motion. This is not a proper foundation for summary judgment.

Accordingly, it is therefore

**ORDERED** that Plaintiff's motion for summary judgment (docket entry #28) is **DENIED**.

So **ORDERED** and **SIGNED** this **26** day of **July, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE